USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___4/14/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                   :

OMAR ANDERSON,                      :

                               :

              Petitioner,    :

                               :     OPINION AND ORDER

                               :

            -against-         :

                               :     19 Civ. 2908 (NSR)(JCM)

EARL BELL,                   :

                               :

              Respondent.   :

-------------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

      Petitioner Omar Anderson ("Petitioner") commenced the instant proceeding pursuant to 28 U.S.C. § 2254 challenging his convictions following his jury trial conviction to Attempted First Degree Assault and Second Degree Assault in New York State Supreme Court, Westchester County. (ECF No. 1.) Respondent opposed the petition (ECF No. 14.) and Petitioner filed a reply. (ECF No. 33.) The case was referred to Magistrate Judge Judith C. McCarthy ("MJ McCarthy"), pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), to issue a Report and Recommendation ("R & R") on Petitioner's petition. (ECF No. 7.) Presently before the Court is MJ McCarthy's R & R recommending that the petition be DENIED and the matter be DISMISSED. (ECF No. 39.) For the following reasons, the Court adopts the R & R in its entirety.

**FACTUAL BACKGROUND**

      The factual background is extracted from the trial transcript and as summarized in the R & R.

1

Petitioner was convicted as a result of his actions following a motor vehicle collision on February 22, 2024 in Yonkers, New York. In the late evening hours of February 22, 2024, Thauna Anthon ("Thauna") was operating a vehicle, owned by Al Anthon ("Al"), on Ashburton Avenue, when it ran out of gas. She parked the vehicle by Orchard Street and called her family members for assistance, prompting Al, Ana Stephanie Delorbe ("Delorbe") and Jayson Grier ("Grier") to respond to her location. While waiting for help, Thauna's stationed vehicle was struck by a Honda vehicle driven by Petitioner, occupied by Anderson Kirkland ("Anderson") and Eric Kirkland ("Eric"). Thauna then exited her vehicle to inspect the damage. Petitioner and Anderson likewise exited their vehicle and denied striking the parked car. Thereafter, Thauna, Petitioner and Kirk engaged in a verbal altercation. Nearby residents, Miguel ("Miguel") and Ana Flores ("Ana"), heard and observed the altercation from their window. As the argument continued, Al and Delorbe arrived at the location followed by Grier.

Al recognized Eric as his neighbor and attempted to de-escalate the situation. As Al and Eric spoke, Petitioner approached Al from behind and struck him in the head with a metal bat. Grier ran to Al's defense and removed the bat from Petitioner's hand before he could strike Al a second time. Delorbe recalled helping to yank the bat from the Petitioner during the struggle. After being relieved of the bat, Petitioner and Anderson left the scene and quickly returned. Petitioner was carrying and wielding an ice pick and Anderson a machete. The police arrived immediately thereafter and arrested Anderson and Eric. The police recovered several items, most notably the metal bat. Petitioner was arrested sometime thereafter.

Al recognized his assailant, Petitioner, as a neighbor and described him to Officer Benjamin, a responding officer. As the officer searched the law enforcement database on his computer, which stores photographs and pedigree information of previously arrested individuals,

Thauna, who was standing nearby, inadvertently observed Petitioner's picture on the monitor. Thauna did not inform the police of her observation until a little over a year later.

## STANDARD OF REVIEW

### A.  Report & Recommendation

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court.  *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B).  In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3).  However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed de novo. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  In a de novo review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge,* No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (internal citation omitted).

## B.  Writ of Habeas Corpus

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"); *Harrington v. Richter*, 562 U.S. 86, 97 (2011).  28 U.S.C. § 2254 provides in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Habeas review is an extraordinary remedy" and is not a substitute for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)). When a federal court reaches the merits of a habeas petition, AEDPA prescribes a "highly deferential" standard for reviewing state court rulings. *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Fischer v. Smith*, 780 F.3d 556, 561 (2d Cir. 2015).

"Before a federal district court may review the merits of a state criminal judgment in a habeas corpus action, the court must first determine whether the petitioner has complied with the procedural requirements set forth in 28 U.S.C. §§ 2244 and 2254." *Visich v. Walsh*, No. 10 Civ. 4160 (ER)(PED), 2013 WL 3388953, at *9 (S.D.N.Y. July 3, 2013). Such procedural requirement includes the exhaustion of claims in state court. 28 U.S.C. § 2254(b)(1)(A). An "adjudicated on the merits" has been interpreted to mean that a state court has made a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other grounds. *See Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (internal citations omitted). A federal petition which challenges a state conviction based upon a court decision which rest upon a "state-law ground," independent of the federal question and adequate to support the judgment, is not subject to federal review. *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

**DISCUSSION**

Petitioner filed an objection to the R & R. (ECF No. 39.) In his objection, Petitioner merely reiterates the same contentions raised in his petition. Because Petitioner reiterates the original arguments raised, the Court has reviewed the R & R for clear error and has found none. To the extent Petitioner's contentions may be deemed specific objections to the R & R, the Court conducts *de novo* review and adopts the legal analysis and conclusions of MJ McCarthy.

Petitioner's ineffective assistance of counsel claims are without merit. As detailed in the R&R, Petitioner asserted multiple claims of ineffective assistance of counsel at the trial and appellate court levels. To prevail on a Sixth Amendment claim of ineffective assistance of counsel, a *habeas* petitioner must: (1) show that counsel's performance fell below an "objective standard of reasonableness" under "prevailing professional norms," and (2) demonstrate that the alleged inefficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Stated differently, a claimant must demonstrate there is a "reasonable probability," which is a probability sufficient to undermine confidence in the outcome, that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. When undertaking such an analysis, the court entertaining the claim must consider the totality of the evidence before the fact finder. *Id.* at 695. As found by MJ McCarthy and delineated in the R&R, Petitioner failed to demonstrate that there is a "reasonable probability" that, but for counsel's alleged unprofessional errors, the result of the proceedings would have been different.

Petitioner's principal objection is that trial counsel should have demanded, and the trial court should have conducted, a *Wade*[1] hearing to determine whether Thauna's in-court identification was made under suggestive circumstances or had a separate independent source that would render it reliable. Petitioner's contentions were reviewed by the state courts and deemed meritless. As found by MJ McCarthy, this Court likewise finds them to lack merit. While it is well settled that police arranged identifications are subject to judicial review to determine whether due process requires suppression of an eyewitness identification tainted by police arrangement (*see Perry v. New Hampshire*, 565 U.S. 228, 238–39 (2012)), such scrutiny is not required in the case of a non-police arranged identification. *Id.* at 232.

---

[1] *United States v. Wade*, 388 U.S. 218 (1967).

The United States Supreme Court has yet to extend the pretrial screening of the reliability of witness identification to cases in which alleged suggestive circumstances of the out-of-court identification are not arranged by law enforcement officers. *Id.* at 232–33.  When there is no improper law enforcement activity involved in the identification of an accused, the Court has sternly held that it is sufficient to test the witness's reliability through the traditional rights and opportunities generally designed for that purpose, such as the "presence of counsel at post indictment lineups, vigorous cross-examination, protective rules of evidence, and jury instructions on both the fallibility of eyewitness identification and the requirement that guilt be proved beyond a reasonable doubt." *Id.* Such analysis is also consistent with state court precedent. *See People v. Leibert*, 71 A.D.3d 513 (A.D. 1st Dept. 2010) (finding that the accidental viewing of a photograph was not police-arranged where witness unexpectedly walked behind an investigating officer and spontaneously identified defendant's photograph); *see also People v. Battle*, 609 N.Y.S. 2d 716, 717 (4th Dep't 1994) (finding the witness identification was not arranged by police and therefore not subject to judicial scrutiny where the witness provided a description to the police and subsequently drove around the block and observed the police holding the defendant). Lastly, despite the Petitioner's contention, the identification of the bat-wielding perpetrator, namely Petitioner, was not a major or dominant issue in the case. Thauna testified that she observed Petitioner from just a few feet away during the assault. Al, the victim of the assault, knew Petitioner and his family members from their interactions in the neighborhood. Additionally, Delorbe, who was present during the assault, identified Petitioner as the assailant. Thus, trial counsel's failure to request, and the court's failure to hold, an identification hearing was not prejudicial to Petitioner.

**CONCLUSION**

Based on the foregoing, the Court adopts MJ McCarthy's R & R in its entirety. Petitioner has failed to demonstrate that any of the state court decisions were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or were unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Accordingly, the petition is deemed DISMISSED. The Clerk of the Court is respectfully directed to terminate this petition and action.

SO ORDERED.

Dated: April 14, 2026
White Plains, New York

Nelson S. Roman
U.S. District Court Judge